[Belisle v. Clark.]

# Belisle v. Clark, Hart & Co.

### Action for Price of Goods sold and delivered.

1. *Personal liability of agent.* — An agent who contracts in the name of his principal, but without authority, or in such a manner as to impose no legal obligation on his principal, is himself personally liable, although he acted in good faith, and honestly believed that he had authority.

2. *General charge on evidence.* — If there is the least conflict in the evidence, on any material point, a charge which instructs the jury that, "if they believe the evidence, they must find for the plaintiff," is erroneous.

3. *Charge on effect of evidence.* — The court has no authority to give a charge to the jury, *ex mero motu*, on the effect of the evidence.

4. *Count held in assumpsit, and not in case.* — A count in these words: "Plaintiffs claim of defendant the further sum of $28.45, with interest," &c., "in this, that on," &c., "defendant purchased of plaintiffs goods," &c., "to the value of $28.45, representing to plaintiffs, and making them believe by such representations, that he was the agent of G. L. C., and authorized to make such purchases, and that the goods were bought for G. L. C., by him as his agent, when in fact he was not G. L. C.'s agent for said purchase, nor did he have any authority from said C. to make said purchase," — though inartificially drawn, is a special count in assumpsit, and not in case.

APPEAL from the City Court of Eufaula.

Tried before the Hon. E. M. KEILS.

The facts of this case are fully stated in the opinion of the court, except in reference to the special count which was added to the complaint by amendment, and which was in these words : " The plaintiffs claim of the defendant the further sum of $28.45, with interest thereon from the 12th day of November, 1870, in this, that on the 12th day of November, 1870, the defendant purchased of the plaintiffs goods, wares, and merchandise, to the value of $28.45, representing to plaintiffs, and making them believe by such representations, that he was the agent of G. L. Comer, and authorized to make such purchase, and that the goods," &c., " were bought for G. L. Comer by him as his agent, when in fact he was not G. L. Comer's agent for said purchase, nor did he have any authority from said Comer to make said purchase."

BUFORD & DENT, for appellant.

G. L. COMER, *contra.*

PECK, C. J. — This case was commenced in a Magistrate's Court by the appellees, against the appellant, to recover $28.45, for goods, wares, and merchandise, sold and delivered, &c. The plaintiffs had judgment, and the defendant appealed to the City Court, where a trial was had before a jury, on the plea of *non assumpsit*, and the plaintiffs recovered a judgment for $31.15. From this judgment the defendant appeals to this court. On the trial in the City Court, a bill of exceptions

[Belisle *v.* Clark.]

was signed, at the instance of the defendant, which presents, in substance, the following case : The defendant did not deny the purchase of the goods, consisting of bagging and ties, but he insists he was the agent of one G. L. Comer, and purchased the goods for him, stating at the time to the plaintiffs that he purchased them for said Comer, and was authorized by him to do so ; that the goods were charged by the plaintiffs to said Comer ; that said Comer, upon the account being presented to him by the plaintiffs, refused to pay it, and denied the authority of the defendant to purchase the goods for him, &c.   Thereupon, the plaintiffs sued the defendant for the price of said goods.   The said Comer was examined by the plaintiffs, and testified that defendant was his overseer in the year 1870, and stated to him that he needed some bagging and ties to pack his cotton ; that witness told him he was expecting bagging and ties from Savannah ; to use up what he had, and when he brought the cotton to town, if he (witness) had no bagging and ties at the railroad depot, then he would get some for him elsewhere ; that he expressly forbid defendant from buying anything on his account ; that he did not know the defendant had made the purchase until the account was presented to him ; that he then refused to pay said account, and denied defendant's authority to charge him in the premises.   The defendant was sworn as a witness in his own behalf, and stated that, when he told said Comer he was nearly out of bagging and ties, and would need some soon, said Comer told him he was looking for said articles from Savannah, but to use up what he had on hand, and bring the cotton to town, and when he did so, if he, Comer, had no bagging and ties at the depot, to get some for him elsewhere ; that shortly afterwards he brought the cotton to town, and went to said Comer's office, and found he was out of town ; that he then went to the depot, and inquired if there was any bagging and ties there for said Comer, and found none ; that he then went to plaintiffs, and told them he wanted the articles mentioned, bagging and ties, for said Comer, and that said Comer had told him to get them ; that plaintiffs let him have said articles, and charged them to said Comer ; that he acted in good faith, believing he had authority to bind said Comer ; that plaintiffs believed his representations, and sold the goods on the credit of said Comer, and charged them to him.   He further stated that said bagging and ties were all used in packing said Comer's cotton ; and he proved this latter fact by two other witnesses.

This was all the evidence.   Thereupon, defendant asked the court to give the following written charge to the jury, to wit : " If the jury believe, from the evidence, that defendant acted in good faith, and fully believed that he had authority from G.

L. Comer to purchase the articles mentioned, and to bind said Comer for the payment, and that plaintiffs also believed that defendant had authority, and sold the articles on the credit of said Comer, and looked to him for payment, and not upon the credit of defendant, then they can't find for the plaintiffs in this action, although they might find, from the evidence, that defendant really had no authority to bind said Comer in the premises." This charge the court refused to give, and the defendant excepted. The court then, of its own motion, charged the jury, "that, if they believed the evidence, they must find for the plaintiffs, the value of the goods, and interest from the time defendant obtained them." To this charge the defendant excepted. The refusal to give the charge asked, and the charge given by the court on its own motion, are assigned for errors.

1. The charge asked was properly refused. The good faith of the defendant in purchasing the goods for, and in the name of the said Comer, if, in fact he had no authority to do so, did not bind the said Comer to pay for said goods, neither did it relieve him from liability. One who undertakes to contract as an agent, and so contracts as to impose no legal obligation on his principal, is himself personally liable. Brickell's Digest, p. 66, § 213, and the cases there cited.

2, 3. The charge given is objectionable, for two reasons: 1. Because such a charge is never permissible, where there is any conflict in the evidence as to any material point involved. In this case the fact of defendant's authority to purchase the goods, as the agent of the said Comer, was an important fact to be decided; and as the evidence of the said Comer and defendant disagreed as to this matter, it should have been left to the jury to determine this disputed question of authority; and they should have been instructed to find for the plaintiffs or the defendant, as they might find the fact to be. If they found the defendant had no authority to buy the goods for the said Comer, then they should find for the plaintiffs. If he had, then they should find for the defendant. 2. Because it was a charge upon the effect of the evidence, without being required so to charge by either of the parties. This was error. Revised Code, § 2678.

4. In the progress of the trial, the plaintiffs, by leave of the court, filed two new counts, the latter of which the defendant moved to strike from the files, because it was alleged to be repugnant to the other counts in the case, and because it was an attempt to join a count in case with counts in assumpsit. The court overruled the motion, and the defendant excepted. This is also assigned for error. There was no error in this. The said count is not in case. It charges the defendant with no

fraud, or bad faith. It is, therefore, not a count in case. Although inartificially drawn, it amounts merely to a special count in assumpsit.

For the error in the charge given by the court on its own motion, the judgment is reversed, and the cause is remanded for another trial at the appellant's costs. ·