# Drennen v. Satterfield.

*Assumpsit for Work and Labor.*

1. *Contract in two instruments.*—Two instruments in writing, one of which is signed by the employer agreeing to pay the employee a named salary for a given time, and the other signed by the employee, agreeing to perform service for employer for the same salary and the same time, constitute one contract, and

[Drennen v. Satterfield.]

parol evidence is admissible to show they were delivered at the same time, though bearing different dates.

2. *Parol evidence to vary the terms of contract.*—Parol evidence is inadmissible to show that the terms of the contract as agreed on, and under which the employee began work, embraced other conditions than named in the written contract, and that it was afterwards drawn up as a memorandum, and was not intended to express all the terms of the contract.

3. *Waiver of breach.*—Where there is evidence tending to show that the employer retained the employee in his service after knowledge of the acts and omissions of the employee justifying his discharge, and, without objection, paid the full salary to the time of his discharge, it is a question for the jury to determine whether there was a waiver of the employee's breach of contract.

4. *Charge ignoring evidence.*—A charge requiring a verdict for the employer if the jury are reasonably satisfied that the employee had breached his contract, is erroneous and properly refused, when there is evidence from which the jury may find the employer waived the breach.

5. *Repeating charge.*—A charge substantially the same as one given is properly refused.

APPEAL from Birmingham City Court.

Tried before Hon. H. A. SHARPE.

The form and terms of the contract sued on by appellee are sufficiently stated in the opinion. The evidence for plaintiff tended to show that he worked for defendant as a salesman in defendant's store in Birmingham as required by the contract, that he had some outside business to which he gave some attention, but not to interfere with the faithful performance of his duties to defendants; that complaint was made to him early in May about persons calling to see him on his own private business, and he told defendants he would stop such calls; that nothing more was said to him until he was discharged May 26; that he tendered his services after his discharge and was refused by defendants; that he was ready and willing to serve them the remaining time, and failed to find other employment; that defendants, without objection, paid him the contract salary for the months of March, April and May, at the end of each month, respectively. Defendants' evidence tended to show that for three weeks after beginning work plaintiff was faithful and efficient, but purchased a farm and had other interests that led

[Drennen v. Satterfield.]

to frequent calls of persons to see plaintiff on his own business, and that plaintiff neglected customers and the keeping of his stock in order; that complaint was made more than once, and plaintiff told that he was neglecting defendants' business, which must stop, that plaintiff promised to stop such interruptions, but did not do so until he was discharged. Defendants' evidence further tended to show that the terms of the contract were agreed on and the contract closed the latter part of February; that no writings were drawn, nor suggested; that plaintiff began work under such contract; that on the first day of such service plaintiff presented the two writings, suggesting that as the salary was different for different months, it was best to have a memorandum, so there would be no misunderstanding; whereupon, the papers were signed and delivered. Defendants then offered to prove that in the verbal contract it was stipulated that the plaintiff would serve if he suited defendants, and they suited him, but either party might terminate the contract at will. The court sustained plaintiff's objection to this testimony, and defendants excepted.

The court refused the following charge request in writing by defendants: "If the jury believe from the evidence that plaintiff had a number of persons coming in to see him during business hours on his own private business, and otherwise inattentive to the business of defendants during the months of April and May, 1896, then I charge the jury that the plaintiff committed a breach of the contract, and the defendants had a right to discharge plaintiff, and the jury must return a verdict in favor of defendants." The court gave the following charge at the request of defendants: "If the jury believe from the evidence that plaintiff, during the months of April and May, 1896, while in the employment of defendants, was inattentive to the business of defendants, and did not give the business of defendants that time and attention that his duties and employment required him to do, the jury must return a verdict in favor of the defendants."

From a judgment for plaintiff, defendants appeal.

SMYER & SMYER, for appellants.—Parol evidence of a transaction is not excluded by the fact that a document-

ary memorandum was made, if such memorandum of it was not intended to have legal effect as a contract.—17 Amer. & Eng. Encyc. of Law, 263; 14 *Ib.* 740, 763, 788; *Powell v. Thompson*, 80 Ala. 54; *Maness v. Henry*, 96 Ala. 459; *Huckabee v. Sheperd*, 75 Ala. 345; *Vandegrift v. Abbott*, 75 Ala. 345; *Patton v. Beecher*, 62 Ala. 585; *Harrison v. Palmer*, 76 Ala. 161.

JOHN H. MILLER, *contra.*—The two writings, one an agreement to work, and one an agreement to pay, were the sole memorial of the contract.—*Forst v. Leonard*, 112 Ala. 296. Parol evidence could not be admitted to vary them.—Greenleaf on Evidence, vol. 1, (15th ed.), p. 372; 2 Phil. Evid. 350; 2 Starkie on Ev. 544, 548; *Boarman v. Johnson*, 12 Wendell, 573; *Avery v. Miller*, 86 Ala. 495; *Day v. Thompson*, 65 Ala. 269; *Post v. Bank*, 101 U. S. 93; *Dewitt v. Berry*, 134 U. S. 315; 3 Brick. Dig. p. 417, §§136-160; *Mayrant v. Marston*, 67 Ala. 453; *Rogers v. Peebles*, 72 Ala. 529; *Pettus v. McKinney*, 74 Ala. 108; *Mobile L. Ins. Co. v. Pruett, Ib.* 487; *Bank of Guntersville v. Webb & Butler*, 108 Ala. 132; *Stevens v. Hertzler*, 109 Ala. 423; *Watson v. Kirby*, 112 Ala. 436. Charge No. 15 was properly refused, as misleading, and the same in substance as the charge given.—*Oak Ex. Co. v. Ryan*, 112 Ala. 337; *Crawford v. State*, 112 Ala. 1.

COLEMAN, J.—The appellee sued to recover for services rendered. In support of the action the plaintiff offered in evidence a written instrument, dated March 1st, 1896, signed by defendants, in effect an agreement to pay plaintiff as a salary certain amounts for certain specified months of the years 1896, and also a separate instrument signed by the plaintiff, dated February 27th, 1896, in which he agreed to work for defendants for a salary for the same months at the same salary per month. The court permitted the plaintiff to show that though bearing different dates, the two instruments were exchanged at the same time, the defendant delivering to plaintiff the one signed Drennen & Co., and receiving at the same time the one signed by plaintiff. The court admitted the evidence. There was no error in holding that the two instruments constituted the contract between the parties, and should be considered to-

gether. The proof showed that after serving the defendants three months, for which time the plaintiff was paid according to the contract, he was discharged. The suit was to recover for the remainder of the time for which he was employed.

The court did not err in excluding all parol evidence offered by the defendants for the purpose of showing that in addition to what was expressed in writing, it was understood and agreed that plaintiff was at liberty to terminate the contract at any time, and that defendants had the right to discharge the plaintiff at any time when they saw proper to do so. To have admitted such evidence would have violated the principle that parol evidence is not admissible to alter or vary or contradict the terms of a written contract.

The ruling of the court in sustaining the demurrer to the 4th plea of defendants, to which an exception was reserved, is not insisted on by appellants and will not be considered.

There was no error in refusing charge No. 15 requested by the defendant. It is argumentative and misleading, in that it singles out and gives undue prominence to the facts stated. It is erroneous, in that the evidence showed that defendant paid the plaintiff for his services after the time during which the neglect or inattention therein predicated may have occurred, and continued him in their employment, without leaving it to the jury to determine whether or not the defendant had not waived and lost the right to take advantage of such neglect, thus ignoring important evidence in the case. Furthermore, the defendant received every possible benefit and advantage contained in this charge, in other charges given to the jury. We find no error in the record.

Affirmed.