[Rock Island Sash & Door Works v. Moore, Handley Hdw. Co.]

fendants' offer, made through Marsh, was an acceptance and not a mere althorization to Marsh to accept. It was a positive order to him to take defendants' cotton at the price named in their offer of sale.

The allegations of the fourth count as to a breach of the contract having been undisputedly, and without adverse inference, established by the testimony, the affirmative charge requested by plaintiff was correctly given. This being true, the plaintiff was certainly entitled to recover at least nominal damages. What we have said also disposes of the assignments of error predicated upon the refusal by the court of all the charges requested by defendants adversely to them, except the one numbered 2. That charge was properly refused on what was said of a similar one in *Koch v. State*, 115 Ala. 99, 105, 22 South 471. The reason assigned for the refusal of this class of charges is so obviously applicable to this case that we need not pointedly apply it.

We have considered every insistence laid in brief of appellant's counsel, and find no error in the record.

Affirmed.

WEAKLEY, C. J., and SIMPSON and ANDERSON, JJ., concur.


# Rock Island Sash & Door Works *v.* Moore, Handley Hdw. Co.

## *Action on Common Counts.*

(Decided May 29, 1906. 41 So. Rep. 806.)

1. *Appeal; Review; Harmless Eerror; Ruling on Demurrer.*—Where demurrers to certain pleas were overruled, and these pleas were afterwards withdrawn, the court's action on the demurrers will not be reviewed on appeal.

2. *Evidence; Written Contracts; Variance by Parol.*—It is not offending the rule against varying written contracts by parol to permit evidence to be introduced to show that two written contracts in evidence related to one and the same transaction and were, in effect, but one contract.

3. *Sales; Serverability of Contract.*—The defendant ordered .one car of sash, with the privilege of three cars at certain per cent off liSt price, specifications for the first car to be furnished within twenty days, and if others are taken, all to be furnished by April 1st after date of order; Held, such contract was severable, and that plaintiff was liable for failure to furnish other cars, although defendant did not furnish specifications for first car in time limit, for which defendant was liable.

4. *Same.*—Where the buyer was to pay for goods in installments, and the goods were to be delivered in installments, sucn contract is severable, and in default of either party in one of the installments will not ordinarily entitle the other to abrogate the contract entirely.

APPEAL from Birmingham City Court.

Heard before Hon. Charles W. Ferguson.

This was an action on the common counts. The defendant filed the general issue and pleas 3, 4, and 5. Pleas 2, 6, 7, and 8 were withdrawn. Plea 3: "And for further plea in this behalf, and by way of set-off, the defendant says that the plaintiff is indebted to the defendant in a large sum, to-wit, $300, which sum defendant claims of the plaintiff as damages for the breach of a certain contract made between plaintiff and defendant on the 29th day of November, 1900, whereby the plaintiff undertook and agreed to sell and deliver to defendant for an agreed price one car of sash, with privilege to defendant to take three cars of sash at the same price per car. And defendant says that plaintiff broke its said contract and failed and refused, without just cause or legal excuse, to furnish and deliver said one car of sash, and that by the plaintiff's said breach of said contract the defendant was greatly damaged, and lost the profits it could and would have made upon said car of sash, and defendant was compelled to buy other sash at a greater price than plaintiff had bound itself by said contract to deliver said cars of sash for, and all to the damage of defandant in the sum of $300; and defendant offers to set off its said demand and claim against that of the plaintiff mentioned in the complaint and the several counts thereof." This plea was amended by striking therefrom the words, "and lost the profits it could and

would have made upon said car of sash," where they appear in said plea, and by adding next after the words "a greater price" the words "to wit, $300." Plea 4: "And for further plea in said behalf, and by way of set-off against plaintiff's demand, the defendant says that the plaintiff is indebted to the defendant in a large sum, to-wit, $700, which sum defendant claims of the plaintiff as damages for the breach of a contract made on November 29, 1900, between plaintiff and defendant, whereby the plaintiff agreed for a valuable consideration to sell and deliver to defendant, free on board cars at Rock Island, Ill., and less freight to Birmingham, one car of knock-down sash, with the privilege of three cars of sash, and, if defendant should elect to take the two last-named cars of sash, they were to be furnished by April 1, 1901, by plaintiff at the same price per car which was agreed on for the said first car; and the defendant says that the plaintiff broke its sad contract in this: That, although defendant furnished the plaintiff specifications for said two cars of sash prior to April 1, 1901, the plaintiff failed and refused on demand to furnish and deliver to defendant two cars of sash on or prior to April 1, 1901, as plaintiff had agreed to do; and defendant says that it has been greatly damaged by plaintiff's said breach of contract, and had to purchase other sash at a higher price, to wit, $700, than plaintiff had agreed as aforesaid to furnish said sash for, and otherwise was greatly damaged by plaintiffs said breach of contract, and all to the damage of defendant in the sum of $700, which defendant offers to set off against plaintiff's claim in said cause, and defendant claims judgment for the excess." Plea 5: "And for a further plea in this behalf defendant says that heretofore, to wit, on the 29th of November, 1900, the defendant purchased from the plaintiff, through its agent, certain doors and blinds and sash, known as 'K. D., or knock-down, sash'; that the doors and blinds were entered upon one order, and the K. D. sash was entered upon another order, and the two orders formed one and the same transaction with the said agent of plaintiff; that in and by the said order for K. D. sash the defendant gave an order for one car of K. D.

sash, with privilege of three, and specifications for the last two of said cars of K. D. sash referred to in said order were, if taken, to be furnished by April 1, 1901, and the defendant says that the plaintiff shipped to the defendant the said cars of doors and blinds, but wrongfully refused and failed to ship either of the two last-named cars referred to in the order as 'K. D. sash'; and that by said failure and refusal of the plaintiff to ship said two cars of K. D. sash referred to in said order defendant was greatly damaged, and defendant lost the difference in price between what plaintiff had agreed to sell said sash for and what they were worth at the time and place of delivery, to-wit, $1,000, was put to expense in and about purchasing other cars of K. D. sash from other vendors thereof, and had to pay a greatly increased price for the cars of K. D. sash which it bought to take the place of those which it had contracted to buy from plaintiff as aforesaid, to wit, $1,000, and was otherwise put to great expense and damage in and about and by reason of plaintiff's said breach of its said contract, all to the damage of defendant in the sum of $1,000. And defendant hereby offers to recoup its said damages against plaintiff's said claim and claims judgment for the excess."

The plaintiff filed 43 grounds of demurrer to these pleas, but the main questions raised by the demurrers are as follows: (1) The pleas purport to declare on an express executory contract, but do not set out said contract fully in words and figures. (2) While declaring on an executory contract, the pleas do not set out and aver the substance of said contract with precision and certainty. (3) They do not set out all the facts, terms, and conditions constituting said contract. (4) It does not set out with sufficient certainty the consideration for the contract. (5) They do not aver with sufficient precision or certainty the substance of the breach of the contract by plaintiff. (6) There is not averred with precision and certainty the time, manner, and place of payment of the consideration, to whom the payment was to be made, and whether it was payable in cash or not. (7) They do not aver the price per car of the goods

and chattels alleged to have been purchased under the contract. (8) It fails to aver or set out whether or not there was any limitation of time upon the privilege of the defendant to take more than one car of sash, and, if there was a limitation, the time of the limitation. (9) The failure to aver all the facts and circumstances under which the contract was made. (10) The damages claimed were speculative, conjectural, and remote. (11) That the profits claimed as damages were constituent elements of the contract, and that the loss of the same was a natural result of its breach. That pleas 3 and 4 were repugnant and incompatible with the other pleas. (12) That pleas 3 and 4 were pleas of set-off, and the other pleas were pleas of recoupment. (13) That they do not aver that at the time the contract was made the defandant had an existing contract for resale of the knock-down sash, and the plaintiff knew or was informed of 'the contract of resale. (14) That the pleas do not confess and avoid the allegations of the complaint, nor traverse the same. (15) It does not appear that the contract for the doors and blinds was a separate and independent contract from the written contract of the purchaser of knock-down sash; and it further appears that said contracts cannot be connected with each other, so as to form one written contract, without the aid or assistance of the introduction of oral testimony, which cannot be introduced to vary the terms of a written contract.

There were a great many charges requested, some of which were given and some refused to both plaintiff and defendant; but, as they are not noticed in the opinion, they will not be set out.

BROWN & MURPHY and S. M. C. AMASON, for appellant.—The court erred in not sustaining demurrers 1 to 40 filed to the special pleas in this cause.—*Manier v. Appling*, 112 Ala. 663; *Powell v. Crawford*, 110 Ala. 294; *Lawton v. Rickets*, 104 Ala. 430; *O'Brien v. Pipeworks*, 93 Ala. 582; *Brigham v. Carlisle*, 78 Ala. 243; *Jeffries v. Castleman*, 68 Ala. 432. The court erred in not excluding the testimony as to the conversation and

parol communications concerning the written orders which varied the terms of the said written instrument. —*Forbes v. Taylor*, 35 So. Rep. 855; *Seymour v. Farquhar*, 93 .Ala. 292; *Dexter v. Ohlander*, 89 Ala. 262. Where the authority of an agent is in writing and his contract is also in writing a party dealing with the agent is charged with knowledge of the writing and the principal is not bound by any act of the agent in excess of the written authority.—*Cummings v. Beaumont*, 68 Ala. 204; *Deering v. Lightfoot*, 16 Ala. 628; 2 .A & E. Ency. of Law, 1001; *Kidd v. Cromwell*, 17 Ala. 648. The contract was not severable but was single and entire.—7 A. & E. Ency. of Law, 96; *McFadden v. Henderson*, 128 Ala. 221; *Thornton v. Railroad*, 84 Ala. 109; *Batre v. Simpson*, 4 Ala. 305; *Johnson v. Jemsion*, 78 Ala. 378; *Nesbit v. Drew*, 17 Ala. 479; *Fullenwider v. Rowan*, 136 Ala. 287.

WALKER, TILLMAN, CAMPBELL & WALKER, for appellee. —The contract was clearly severable.—*Gerli v. Silk Mfg. Co.*, 30 L. R. A. 61; *Johnson v. Allen*, 78 Ala. 391; *Rugg v. Moore*, 1 Atl. Rep. 320; *Osgood v. Bauber*, 1 L. R. A. 655; *Semmes v. Brewing Co.*, 132 Ala. 311.

To the same effect is *Gomer v. McPhee*, 31 Pac. R. 119; *Hausen v. Consumers Co.*, 73 Iowa, 77; *Meyer v. Wheeler*, 65 Iowa, 390; *Cannon Coal Co. v. Taggart*, 1 Col. Ap. 60; *Tucker v. Billing*, 5 Pac. R. 553; *McGrath v. Cannon*, 57 N. W. 150; *Otis v. Adams*, 56 N. J. L. 38; *Tucesco Oil Co. v. Brewer*, 66 Pa. 351; *Gill v. Lumber Co.*, 25 Atl. 120.

DOWDELL, J.—To the complaint, which was on the common counts, the defendant filed pleas numbered from 1 to 8 inclusive; the first being the general issue and the rest special pleas. Subsequently the third and fourth were amended, and the second, sixth, seventh, and eighth were withdrawn. By the third and fourth pleas set-off was pleaded as a defense. By the fifth plea recoupment was intended to be pleaded, and, indeed, was so treated by the parties; but it is not shown by the averments in the plea that the damages sought to be re-

couped arose out of the transaction on which the suit was brought or the complaint was based. Demurrers were interposed to these pleas, but we think they were unobjectionable on any of the grounds assigned. There were replications, rejoinders, and surrejoinders, to which demurrers were interposed, and upon which rulings were had, but which we need not consider, since the pleas that these replications, rejoinders, and surrejoinders relate to were subsequently withdrawn.

It is stated by counsel on both sides in their briefs that the main issue in the case hinges upon the construction of what is designated in the record as "Order No. 8,489," which is as follows: "Birmingham, Ala., November 29th, 1900. Order No. 8,489. Rock Island Sash & Door Co., Rock Island, Ill.—Gentlemen: Please enter our order for one car K. D. sash, with privilege of three, at 78 per cent. off the list, specifications first car to be furnished within twenty days, and, if others are taken, both to be furnished by April 1st. Price f. o. b. Rock Island, freight allowed to Birmingham. Yours truly, Moore & Handley Hardware Co." The contention of appellee, defendant in the court below, was and now is that said order formed part of the contract, the foundation of the plaintiff's suit; the said complaint while on the common counts, being for a balance due on a contract of purchase by the defendants from the plaintiff of a car of doors and blinds, and which contract, while a single and entire transaction, was for the convenience of the parties put in the form of two orders, numbered, respectively, 8,488 and 8,489, the first relating to the doors and blinds, and the latter to the K. D. sash. There was the further contention by appellee that the part of said contract designated as "Order No. 8,489," above set out, was as to the three cars of K. D. sash severable. The contention of the appellant was, and is now, that order No. 8,489 was a separate and distinct contract from the contract for the purchase of the doors and blinds, and, furthermore, was in itself entire and inadmissible.

On the trial the evidence on the part of the defendant tended to show that there was but one contract, and that the two orders constituted a single transaction, and were

put in two forms for convenience of the parties. The evidence of the plaintiff, on the other hand, tended to show that the two orders were wholly separate and distinct transactions; the one having no connection with or reference to the other. The plaintiff objected to the introduction of this evidence, when offered by the defendant, on the ground, that it was an effort to vary a written contract by parol evidence. Where there are two written contracts, it is competent to show by parol evidence that they relate to one and the same transaction and constitute one contract, without offending the rule against varying a written contract by parol evidence.—1 Greenleaf on Ev. (16th Ed.) § 283. Order No. 8,489, set out above, whether taken by itself or in connection with the evidence, we think, shows a severable contract. The goods were to be delivered in installments, and the price was proportioned to and payable on the several installments. The order was for one car, with privilege of three. The option to take belonged to the purchaser. The failure or refusal of the purchaser to furnish the specifications on the first car within the time limit, or, for that matter, the failure or refusal of the purchaser to take the first car, did not furnish the plaintiff with the right to abrogate the entire contract. It would have had its remedy against the defendant for damages for any failure or refusal on the part of the defendant to accept the first car. In other words, the defendant could not have escaped liability for a breach of the contract growing out of a failure on their part to furnish specifications on the first car within the time limit.

The principle governing such contracts is thus stated by the New Jersey court in *Gerli v. Silk Mfg. Co.*, 31 Atl. 401, 30 L. R. A. 61, 51 Am. St. Rep. 611: "When the seller of goods has agreed to deliver them in installments, and the buyer has agreed to pay the price in installments, which are proportioned and payable on the delivery of each installment of goods, default by either party with reference to any one installment will not ordinarily entitle the other party to abrogate the contract." As said in *Johnson v. Allen*, 78 Ala. 391, 56 Am.

[Rock Island Sash & Door Works v. Moore, Handley Hdw. Co.]

Rep. 34: "Each delivery is considered in the nature of a separate and distinct contract." In *Rugg v. Moore* (Pa.) 1 Atl. 320, it is held that an agreement for sale of six loads of corn, delivered at different times and payable at a price per bushel on delivery, is a severable contract. In *Osgood v. Bauder*, (Iowa) 39 N. W. 887, 1 L. R. A. 655, which seems to be a case in point, there was a contract by a traveling salesman of a coal company for the sale and delivery of 150 cars of Scranton coal at a certain price, shipped as ordered during August and September, and with the privilege of 250 cars more at same price and upon same terms. The buyer ordered 400 car loads before the end of September, but the seller failed to furnish 290 of the cars ordered. After the agreement was made the price of coal advanced, and, when the coal company sued the buyer for the purchase price of the coal actually delivered, the defendant demanded that the damages sustained by reason of the failure of the coal company to fill its orders be treated as a counterclaim to any claim held by the plaintiff. The court said: "But the agreement must of necessity be considered as several, for the reason that it consisted of two parts, one of which was, in effect, a contract of purchase and the other a contract for the privilege of purchasing. We shall therefore treat so much of the contract as relates to the 250 car loads of coal as separate and distinct from the remainder. * * * A right to rescind a contract for a certain amount of coal to be shipped in quantities as ordered, payment to be made for each shipment a certain number of days after shipment is made, is not given by a failure to pay for certain shipments within the time specified, as such failure does not go to the whole contract." In *Sims v. Brewing Co.*, 132 Ala. 311, 31 South. 35, it was held that if a part of a contract to be performed by one party consists of separate items, and the price to be paid is apportioned to each, the contract is severable. The following cases are to the same effect: *Gomer v. McPhee*, (Colo. App.) 31 Pac. 119; *Hausen v. Consumers Co.*, 73 Iowa, 77, 34 N. W. 495; *Myer v. Wheeler*, 65 Iowa, 390, 21 N. W. 692; *Cannon Coal Co. v. Taggart*, 1 Colo. App. 60, 27 Pac.

238; *Tucker v. Billing,* (Utah) 5 Pac. 554; *McGrath v. Cannon,* (Minn.) 57 N. W. 150; *Otis v. Adams,* 56 N. J. Law 38, 27 Atl. 1092; *Lcesco Oil Co. v. Brewer,* 66 Pa. 351; *Gill v. Lumber Co.,* (Pa.) 25 Atl. 120.

Applying the foregoing principles to the undisputed facts in the case, we fail to find that any error has been committed, and the judgment appealed from will be affirmed.

Affirmed.

WEAKLEY, C. J., and HARALSON and SIMPSON, JJ., concur.

