[L. A. No. 3981.   Department Two.—August 16, 1917.]

JAMES SARGENT, Respondent, v. PALACE CAFE COM-
PANY (a Corporation), Appellant.

CORPORATIONS—PROMISSORY NOTE ISSUED TO A DIRECTOR—SUFFICIENCY
OF CONSIDERATION.—A promissory note issued by a corporation to
one of its directors as part payment of the purchase price on a sale
by him to one of the other directors of all the stock of the corpora-
tion except the two "qualifying" shares is neither void nor voidable,
where the directors are the only stockholders and there are no ad-
verse interests of creditors involved.

APPEAL from a judgment of the Superior Court of San
Diego County.   W. A. Sloane, Judge.

The facts are stated in the opinion of the court.

Lane D. Webber, and Walter T. Gunn, for Appellant.

Morganstern, McGee, Henning & Hendee, for Respondent.

MELVIN, J.—James Sargent, as assignee of his brother,
Nicholas F. Sargent, successfully sued on a promissory note
given by the defendant corporation. The assignment was
made after the maturity of the instrument. Defendant ap-
peals from the judgment.

The defendant interposed three defenses to the action. The
first was improper execution of the note by the corporation
founded upon the claim that the payee was one of the three
directors who pretended to authorize the execution of the
note; that without his vote and that of other interested per-
sons the resolution of authorization could not have been
passed; that in his fiduciary capacity as a director he could
not deal with the corporation to his own advantage; and that
the contract being void, the note based upon it should not be
enforced. The second defense was alleged lack of considera-
tion for the note, and the third that the note was merely an
accommodation paper, the issuance of which by the corpora-
tion was *ultra vires*.

It clearly appears from the testimony and the findings
that Nicholas F. Sargent had been the owner of all the stock of

the Palace Cafe Company (a corporation), but that two shares were held respectively by Otto Kessler and J. E. Wadham solely to qualify them as directors. At the time of the transaction in question Nicholas F. Sargent and Otto Kessler entered into a contract whereby the former agreed to sell to the latter all the stock of the corporation for seventeen thousand dollars. Ten thousand dollars of this sum was paid in cash and the balance was evidenced by two promissory notes of the corporation, one for three thousand dollars, which was subsequently paid, and one for four thousand dollars, the note involved in this litigation. The sole consideration for the execution and delivery of said note was the sale of the stock of the corporation in part payment for which the note was given. While it is true that all the directors and stockholders shared in the transaction whereby the notes were given, Sargent, who owned the stock before the transfer, and Kessler, who owned it afterward, were both parties to the negotiation, and were the only real parties in interest, the Palace Cafe Company being a "one man corporation." The purchaser and seller of the business preferred to act through the corporation; no one was deceived; the bargain was partly consummated even to three payments of interest on the note here in litigation; and we find no proper excuse in the record for the attempt to interpose technical defenses to the payment of the note executed as a part of the purchase price.

It appears that after the payment of the installment of ten thousand dollars in cash, Mr. Sargent caused all his stock, 198 shares, to be transferred to Mr. Kessler. Upon the latter's request, one share was issued to Mr. Wadham and one to Mr. Sargent, and while thus representing the owner of all the stock as mere nominal stockholders, these two joined with him in the unanimous action of the directory by which the notes were made and given by the corporation. To hold that under such circumstances they were subject to the rules making void the actions of directors in dealing with the property or credit of a corporation to their own advantage would be to sacrifice substance to form, justice to artifice. Shortly after the formal action by which this note came into existence, the plaintiff's assignor and Mr. Wadham resigned from the directory, surrendered their stock, and were succeeded by two other persons selected by the owner of the "one man corpora-

tion." When the note for three thousand dollars was paid Mr. Sargent was not a stockholder, nominal or otherwise, nor did he hold such relation to the corporation when the payments of interest were made on the note here involved.

This is not the case of an officer and director of a corporation as such, dealing with himself as an individual. It is one in which, there being no adverse interest of creditors involved, all the officers and all the stockholders dealt with Sargent as an individual, and issued to him a note the consideration of which, so far as he was concerned, was his parting with something of value. The rule covering transactions of this sort is thus stated by a distinguished writer:

"The theory of a corporation is that it has no powers except those expressly given or necessarily implied. But this theory is no longer strictly applied to private corporations. A private corporation may exercise many extraordinary powers, provided all of its stockholders assent and none of its creditors are injured. There is no one to complain except the state, and, the business being entirely private, the state does not interfere. . . . There is no rule of public policy which prohibits a private corporation having a capital stock from becoming the accommodation indorser of commercial paper, provided such indorsement is made with the knowledge and assent of all the directors and stockholders, and provided corporate creditors are paid. . . .

"A corporation may execute its note for the personal indebtedness of its sole stockholder, and no one but the creditors of the corporation can complain." (1 Cook on Corporations, 7th ed., c. 1, sec. 3.)

This statement of the law, supported by abundant authority, is a complete answer to all of appellant's contentions. This court has repeatedly held that a sale to a corporation by its directors of their own property at their own price is not void nor voidable at the instance of the corporation itself if at the time of the transaction the directors were the only stockholders and the only beneficiaries of the trust. (*Kellerman* v. *Maier*, 116 Cal. 416, [48 Pac. 377]; *Garretson* v. *Pacific Crude Oil Co.*, 146 Cal. 184, [79 Pac. 838]; *Smith* v. *Martin*, 135 Cal. 247, [67 Pac. 779]; *Turner* v. *Fidelity Loan Concern*, 2 Cal. App. 122, [83 Pac. 62, 70].)

This court has also decided that it is quite within the power of a corporation to issue all its stock in payment for

the property which it has received (*Whitten* v. *Dabney,* 171 Cal. 621–624, [154 Pac. 312]; *Lum.* v. *American Wheel & Vehicle Co.,* 165 Cal. 657, [Ann. Cas. 1915A, 816, 133 Pac. 303]), and where, as here, the individual who is the *alter ego* of a corporation transfers his entire interest to another person, the same principles apply. Nor is there any failure of consideration because the corporate entity as such does not receive assignment of the purchased stock for which it becomes bound to pay. Indeed, the practical result of a transfer of all the stock of a corporation to itself might be to leave it without officers to conduct its affairs. In the matter of consideration as well as that of corporate power the court will equitably look through the mere form to the reality of the transaction and will treat it, in a case like this, as a sale and purchase of a business by individuals.

The judgment is affirmed.

Henshaw, J., and Lorigan, J., concurred.