9 So.2d 911

**STANARD TILTON MILLING CO. v. MIXON.**

4 Div. 261.

Supreme Court of Alabama.

Oct. 8, 1942.

Martin & Jackson and J. T. Jackson, all of Dothan, for appellant.

Chas. M. Cooper, of Dothan, for appellee.

THOMAS, Justice.

The complaint was for breach of a contract.

The many earlier cases in this jurisdiction are collected and discussed in J. C. Lysle Milling Co. v. North Alabama Grocery Co., 201 Ala. 222, 77 So. 748; Rock Island Sash & Door Works v. Moore, Handley Hardware Co., 147 Ala. 581, 41 So. 806, touching the breach of a continuing contract.

■ The rule for rescission of a continuing contract such as an installment or executory agreement of purchase because of fraudulent representations is stated by the Chief Justice in Mortgage Bond Company of New York v. Carter, 230 Ala. 387, 161 So. 448, 449:

"Defendant relies upon our decisions to the effect that one electing to rescind a contract for fraud must exercise that right within a reasonable time, that is, with due promptitude from the time the fraud was discovered or ought to have been discovered from facts brought to his attention. * * *

"But as observed by this court in Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383, 386: 'In applying the doctrine of waiver of the right of rescission by the victim of fraud, the essential principles of justice and equity in the particular case should be kept ever in mind.' * * * *"

See the case of Bay Minette Land Company v. Stapleton, 224 Ala. 175, 139 So. 342; and also the case of Shepherd v. Kendrick et al., 236 Ala. 289, 181 So. 782, wherein the distinction is indicated between the mere expression of an opinion by the seller or his agent to the purchaser and the misstatement of a material fact on which a fraud is predicated.

In Stafford v. Colonial Mortgage & Bond Co., 221 Ala. 636, 130 So. 383, it is held that representations that were false and material are held a legal fraud without regard to intent, and that the right of rescission of an unexecuted contract must be seasonably made on discovery of the fraud, and that this right depends upon the facts of each case. There is no ironbound rule since the questions of discovery of fraud, the due rescission of the contract and of the restoration are to be considered, and further the question of practicability of restoration. Gilbert v. Wilson, 237 Ala. 645, 188 So. 260.

The rule of rescission and restitution as affecting the status quo was recently stated in Americanized Finance Corp. v. Yarbrough, 223 Ala. 266, 135 So. 448, 451, where the court said:

"A like statement as to restoring the status quo is contained in Stone v. Walker, 201 Ala. 130, 133, 77 So. 554, 557, L.R.A. 1918C, 839, saying: 'As a condition precedent to the exercise of the right of rescission, the party complaining must, *if practicable,* restore, or offer to restore, to the other party what he had received from him by virtue of the contract. * * *'"— [Italics supplied.]

■ While generally a party rescinding a contract for fraud is under a duty to restore the benefits received under the contract before he can rescind, he does not have to do so where the consideration received is without value, or where it is impossible, impractical, or futile to restore the consideration. King v. Livingston Mfg. Co., 192 Ala. 269, 68 So. 897; Consumers' Coal & Fuel Co. v. Yarbrough, 194 Ala. 482, 69 So. 897; Stone v. Walker, 201 Ala. 130, 77 So. 554, L.R.A.1918C, 839.

[3] The rule in effect, where the contract is in writing and not read by the maker relying on the fraudulent representations of the contractee or his agent, was recently stated by Mr. Justice Knight as follows in General Mills, Inc., v. O'Rear, 239 Ala. 270, 194 So. 823, 825:

"In the case of Abercrombie **v.** Martin & Hoyt Co., 227 Ala. 510, 150 So. 497, 498, it was observed: 'The general rule of law, that one who deals with an agent is bound to know the extent of his authority, is fully recognized, and one absolutely necessary to the protection of the principal in all actions brought against him founded upon contracts made by an agent. The doctrine is equally well established, and rests upon equally sound principles of law, that a principal who would seek to avail himself of a contract made by an agent for him, whether such agent be appointed or self-constituted, is bound by the representations made and methods employed by the agent to secure the execution of the contract. And it is the duty of the principal to inform himself as to what representations may have been made. This is true regardless of the fact that the agent had no authority to make such representations. * * *'"

See also J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696.

A stipulation in a written contract that the writing is the entire agreement of the parties does not estop a party from setting up fraud in the procurement of the contract, and admissions, declarations, and acts of the perpetrator of the fraud or by its agent procuring the execution of the contract are admissible. Alabama Machinery & Supply Co. v. Caffey, 213 Ala. 260, 104 So. 509; J. B. Colt Co. v. Price, 210 Ala. 189, 97 So. 696, supra; Williams v. Bedenbaugh, 215 Ala. 200, 110 So. 286.

It is the appellee's contention that the partial performance of the contract by appellee before discovery of the fraud could not be construed, under the circumstances, as a waiver of the fraud or a ratification and election to stand on the contract. The cases are clear in stating the rule that a party induced to make a contract through misrepresentations is under no duty to rescind until he has discovered the fraud. This is true though there has been a partial performance as by delivery of 55 barrels of the flour that has been used and payment made therefor. The partial performance of the contract occurred before the discovery of any fraud. The evidence shows that at the time the contract was executed defendant ordered 55 barrels of flour which were shipped to him; that defendant paid the full contract price for said flour. Subsequently he cancelled the contract because of material misrepresentations of plaintiff's selling agent. When he was sued for damages, he discovered that the contract did not contain the represented provision as to his right of cancellation. Therefore, he did not waive the right to defend the fraud.

In the very late case of Stafford v. Colonial Mortgage & Bond Company, supra, which the appellee cites as authority, the facts were that suit was brought by the landlord to recover monthly installment of rent due under a lease. At the time the lease was signed the landlord's agent represented to the tenant that the rented apartment was as soundproof as certain other apartments. The tenant defended the suit on the ground that after going into possession he discovered that the representation regarding the soundproofness of the apartment was false. The court found as a fact that the false representation was material to the lease and would give the tenant a right to rescind his contract if seasonably asserted on the discovery of fraud. The tenant paid an installment of rent due about one month after he moved into the apartment and after he had written the landlord notifying him that the apartment was not soundproof as represented. About three weeks after he paid the rent and wrote the letter he abandoned the premises. The trial court concluded from these facts that the payment of the rent was a clear and positive affirmation of the contract and was a part performance of the contract after knowledge of the misrepresentation. This court held on appeal that under the circumstances of that case the tenant had not fully discovered the fraud when he paid the rent and therefore the right of rescission was not cut off. Mr. Justice Bouldin in that case said [221 Ala. 636, 130 So. 386]:

"Full knowledge of the fraud, or of facts which impose the duty of inquiry which would lead to knowledge, should appear before the party is made to suffer the consequences of a fraud. * * *

"In applying the doctrine of waiver of the right of rescission by the victim of fraud, the essential principles of justice and equity in the particular case should be kept ever in mind."

The record has been examined. There is conflict in the evidence as to (1) false representations by the plaintiff in selling through its agent as to the contract right of rescission on giving notice to that agent; (2) whether the notice of rescission was given as to the refusal to take the 165 barrels of flour in question. See also our case of Bank of Guntersville v. Webb, 108 Ala. 132, 19 So. 14.

The 55 barrels of flour that were delivered were fully and promptly paid for by the defendant and used by him. This could not be returned, and accordingly did not affect the right of rescission as to the rest.

The refused charge 6, as to the affirmative instruction, was properly refused to the plaintiff. McMillan v. Aiken, 205 Ala. 35, 88 So. 135.

The judgment of the circuit court is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.