14 So.2d 372

STATE ex rel. EVERETT v. BOARD OF
SCHOOL COM'RS OF MOBILE
COUNTY et al.

1 Div. 173.

Supreme Court of Alabama.

June 24, 1943.

W. C. Taylor, of Mobile, for appellant.

Pillans, Cowley & Gresham, of Mobile, for appellees.

LAWSON, Justice.

This is a petition for mandamus by the State of Alabama, on the relation of Alice Everett, as the mother of Mary Katherine Everett, Ola Jeanette Everett, William Lavelle Everett, and Charles Ray Everett, minors, instituted in the circuit court of Mobile County to require the board of school commissioners of Mobile County to admit relator's children of school age to the Satsuma public school for white children. They had been denied admittance on the ground that they were "colored children."

The only question presented on this appeal is the action of the trial court in dismissing complainant's suit because of her failure to pay the costs in a former suit. The case in which the costs were not paid was a petition for mandamus in the name of the State of Alabama on the relation of Alice Everett, as the mother of Clara Jane Everett, v. the Board of School Commissioners of Mobile County, et al.

Section 66, Title 11, Code of 1940, provides as follows: "Whenever a suit has been dismissed or nonsuit taken, or when there has been one judgment in favor of the defendant in an action of ejectment, at the time of the filing of another suit, involving the same claim, cause of action or land, between the same parties or their privies, the party filing the new suit must also pay into court all costs incurred in the former suit, and, upon his

failure to do so, the judge, upon motion of the defendant or any other party in interest shall dismiss said action; but upon good cause shown, the judge may permit the party to pay such costs within ten days and proceed with the suit."

When the terms of the above quoted statute are applicable, poverty is no excuse for the failure to pay costs in a former suit, and a new suit is subject to dismissal on motion where the costs in a former suit "involving the same claim, cause of action or land, between the same parties or their privies," are not paid, irrespective of the inability of the person filing the new suit to pay the costs incurred in the first suit. It has been held that such a requirement does not constitute a denial of due process of law. Ex parte Shear, 92 Ala. 596, 8 So. 792, 11 L.R.A. 620.

Even if it be conceded that the suits were "between the same parties," we do not believe that appellant's suit should have been dismissed for the reason that the claim or cause of action which is sought to be invoked in the instant case is not the same as sought to be invoked in the case in which the costs were not paid. Here admission to the white public schools of Mobile County is sought on behalf of the children named in the complaint, none of whom were in any way connected with the former suit. It is true that children of Alice J. Everett were involved in both suits and admission to the white public schools of Mobile County was sought in both instances, but different children were involved. The right sought to be enforced in this case is entirely different from that made the basis of the former suit.

Reversed and remanded.

GARDNER, C. J., and BOULDIN and FOSTER, JJ., concur.