19 So.2d 545

**STATE ex rel. EVERETT v. BOARD OF SCHOOL COM'RS OF MOBILE COUNTY et al.**

**I Div. 214.**

Supreme Court of Alabama.

Nov. 2, 1944.

W. C. Taylor, of Mobile, for appellant.

Pillans & Cowley, of Mobile, for appellees.

134

LIVINGSTON, Justice.

As stated on former appeal (244 Ala. 467, 14 So.2d 372), "This is a petition for mandamus by the State of Alabama, on the relation of Alice Everett, as the mother of Mary Katherine Everett, Ola Jeanette Everett, William Lavelle Everett, and Charles Ray Everett, minors, instituted in the circuit court of Mobile County to require the board of school commissioners of Mobile County to admit relator's children of school age to the Satsuma public school for white children. They had been denied admittance on the ground that they were 'colored children.'"

After the cause was reversed and remanded the trial court, on motion of respondents, again dismissed relator's petition because of her failure or refusal to answer interrogatories numbered 13, 14, 15 and 18, propounded to relator by respond-

ents. The interrogatories and the answers made are as follows:

"Thirteenth Interrogatory:

"The said John Everett, Sr., generally known as John Everett, was the son of Flora Reed, also known as Tante (or Tauntie) Reed, was he not?"

"I do not know."

"Fourteenth Interrogatory:

"Flora Reed, also known as Tante (or Tauntie) Reed, was the daughter of Eliza Reed, was she not?"

"I do not know."

"Fifteenth Interrogatory:

"Eliza Reed was the daughter of Daniel Reed and Rose Reed, was she not?"

"I do not know."

"Eighteenth Interrogatory:

"You, your husband Ed Everett, and your four children named in your petition in this mandamus proceeding, all live together in the family home, do you not? Your said husband maintains and supports his family, does he not; including the four children named in your present petition for mandamus?"

"Relator declines to answer the eighteenth interrogatory unless required to do so by the court on the grounds that the question calls for testimony that is irrelevant, incompetent and immaterial."

■ The interrogatories filed by the respondents were under the statute that provides for a discovery at law. Title 7, § 477 et seq., Code of 1940. The same, with such answers that were made, are part of the record proper, and are to be considered in determining the propriety of the trial court's action in dismissing relator's petition, although there is no bill of exceptions. Collins v. Mobile & Ohio R. R. Co., 210 Ala. 234, 97 So. 631. The case of Carlisle v. A. G. S. R. Co., 166 Ala. 591, 52 So. 341, cited by appellee, is not to the contrary.

Appellee insists that the answer to interrogatory 18 is material for the reason that if the father of the minor children be living, and be not disqualified by statute, he, and not the mother, must institute the proceeding.

■ In cases of this sort the pupil is the real party in interest, and the writ may be sued out by the pupil, or, it may be sued out by the parents, or either of them, or by one standing in loco parentis. 39 A.L.R. 1022, notes; Independent Order of Odd

Fellows of W. Va. v. Board of Education, 90 W.Va. 8, 110 S.E. 440, 48 A.L.R. 1092. See, also, Hughes v. Outlaw et al., 197 Ala. 452, 73 So. 16, Ann.Cas. 1918C, 872. For aught appearing, the information sought by interrogatory 18 is not material.

As framed interrogatories 13, 14 and 15 call for the personal knowledge of the relator. In answer she states that she does not know. True, the questions concern pedigree. But if the relator does not know, of her own knowledge, the pedigree inquired about she cannot answer the interrogatories propounded. Conceivably, she does not know, and her petition cannot be dismissed for failure to answer, or answering that she does not know.

The trial court erroneously dismissed the petition, and the cause must be reversed and remanded. It is so ordered.

Reversed and remanded.

GARDNER, C. J., and THOMAS, BROWN, and STAKELY, JJ., concur.