88 So.2d 668

**Ex parte CITY SALES COMPANY.**

**5 Div. 596.**

Supreme Court of Alabama.

June 14, 1956.

Rehearing Denied July 26, 1956.

638

Walker & Walker, Opelika, for petitioner.

L. J. Tyner, Opelika, for respondent.

SPANN, Justice.

This is a petition for writ of mandamus to be directed to the respondent, Honorable Will O. Walton, Associate Judge of the Fifth Judicial Circuit. Petitioner contends that the respondent should be required to vacate an order which he issued in the case of G. H. Wright, plaintiff, v. City Sales Company, a corporation, defendant, requiring petitioner, defendant below, to answer more .fully certain numbered interroga-

tories propounded to him by the plaintiff below in accordance with the provisions of Title 7, Section 477 et seq., Code of 1940.

Plaintiff sued defendant in detinue to recover certain cigarette vending machines. It appears that the instrument on which the plaintiff based his title to the property sued for was a combination note and mortgage. In its answer, the defendant contends that the plaintiff is claiming title to the property sued for under a mortgage and avers that plaintiff's alleged mortgage debt is without consideration. The defendant also avers in its answer that it is not indebted to the plaintiff on the alleged mortgage debt. The defendant answered plaintiff's interrogatory No. 12 as follows:

"12. No. It is a fact that a paper purporting to be such a combination note and mortgage referred to in interrogatory 12 was made on April 10, 1953. However, the defendant is advised by its attorneys that such paper is not a valid note or mortgage."

The defendant thereby takes the position that the mortgage, which is the basis of the plaintiff's title to and right to possession of the property sued for, is invalid; and the respondent, the court below, contends that the defendant's position is based upon the theory that said mortgage did not have a resolution of the board of directors of the corporation authorizing execution of the mortgage.

The attention of the court below was called to the proposition of law stated in Copeland v. Swiss Cleaners, Inc., 255 Ala. 519, 52 So.2d 223, 228, where it was said:

" * * * when a note is executed on behalf of the corporation by one who is the sole or controlling owner and the *alter ego* of the corporation, the note is binding on the corporation as between the parties to it, though as to creditors of the corporation it may not stand up if such owner is not in fact an officer of the corporation and

it was done without express corporate authority. * * * "

In view of defendant's answer to the complaint and its answers to the interrogatories and the attention brought to bear on the foregoing proposition of law, it is evident that the plaintiff below must prove in order to sustain the validity of the alleged mortgage and note, in the absence of formal corporate authority, that the persons who executed said mortgage and note for the corporation held such a controlling interest as to be its alter ego. The respondent, the court below, ordered the petitioner to answer more fully the following numbered interrogatories: 3(a), (b), (c), (d), (e), (f), (g), (h), (i), (j), (k) and (l); 4(a) and (b); 9; 10; 11; 12; 13; 14; 15; 16 and 21(b).

Interrogatory 3 is as follows:

"3. (a) Who were the original stockholders of City Sales Company? (b) How many shares of stock did each of the original stockholders subscribe and pay for? (c) Was the stock of par value or non par value? (d) If the stock was of par value, what was the par value per share? (e) Attach to your answers to these interrogatories a copy of the stock certificate stubs showing all stock issued by the corporation, City Sales Company, since its organization, and showing all transfers of any of said stock on the books of the corporation. (f) Who were the stockholders of City Sales Company on October 31, 1952, and how many shares of stock were in the name of each of the stockholders on that date? (g) Who were the stockholders of City Sales Company on November 22, 1952, and how many shares of stock were in the name of each of the stockholders on that date? (h) Who were the stockholders of City Sales Company at the time of filing of the suit in this cause and how many shares of stock were in the name of each of said stockholders on that date? (i) Is it not a fact that the stock records of City Sales Company show the issuance of stock of the corporation only to C. C. Markle, Mrs. Adine H. Markle and Mrs. Margaret A. Harris? (j) Is is not a fact that the stock records of City Sales Company show that up to the time of the filing of the suit in this cause that C. C. Markle, Mrs. Adine H. Markle and Mrs. Margaret A. Harris were the only stockholders of record on the books of said corporation? (k) Is it not a fact that the stock records of City Sales Company at the time of the filing of the suit in this cause show the outstanding stock of the said corporation to be as follows:

"C. C. Markle            47 shares
"Mrs. Adine H. Markle    50 shares
"Mrs. Margaret A. Harris   3 shares

"(l) If your answer to the next preceding interrogatory is in the negative, then state the names of the owners or subscribers of stock in City Sales Company from the time of the organization of said corporation up to the time of the filing of the suit in this cause, showing the number of shares at any time issued in the name of, or held by any of said stockholders, giving the stock certificate numbers and the date of issuance of each of said stock certificates."

Petitioner's answer is as follows:

"3. The defendant objects to answering this interrogatory and to each subsection thereof on the grounds that the answers to these questions would be immaterial, irrelevant and incompetent testimony in this cause and would shed no light upon the ownership or right to possession of the vending machines described in the complaint in this cause. Without waiving this objection, affiant states that the certificate of incorporation of City Sales Company, on record in the office

of the Judge of Probate of Lee County, Alabama, in Corporation Record 390, at page 1 et seq., shows that C. C. Markle, Adine H. Markle, and Mrs. Margaret A. Harris were the original stockholders of said corporation and that the stock of said corporation was of par value of $20.00 a share."

Petitioner contends that subsections (a) and (b) have already been answered, since these matters were on record in the certificate of incorporation of City Sales Company. We think petitioner should be required to answer these subsections, (a) and (b), more fully, because defendant is asked direct questions and has failed to furnish full and complete answers thereto. Plaintiff inquires as to who were the original stockholders in the defendant corporation and how many shares of stock each one of them subscribed and paid for. Petitioner answered that the certificate of incorporation, which was a matter of public record, showed C. C. Markle, Mrs. Adine H. Markle and Mrs. Margaret A. Harris were the original stockholders and that the stock of the corporation was of the par value of $20. The latter part of the answer was not requested in either subsection (a) or (b) and merely stating what the certificate of incorporation shows is not a full and complete answer to subsections (a) and (b).

We think that all of the subsections of interrogatory 3 when taken together are clearly relevant to the issue of the validity of the alleged mortgage and note in that the answers thereto, if responsive, will furnish facts material to the establishment of the validity of the alleged mortgage and note, i. e., whether or not the persons who signed the instrument were at the time of the execution of the instrument the alter ego of the corporation.

Petitioner further contends that it should not be required to answer more fully the said interrogatory 3, because a party to whom interrogatories are propounded who answers that he or it does not have the information necessary for the answers in its possession or under its custody or control will not be required to answer or be penalized for failure to answer more fully. We recognize the proposition of law relied on by the petitioner as having been approved in State ex rel. Everett v. Board of School Commissioners of Mobile County, 246 Ala. 133, 19 So.2d 545, but it does not appear that petitioner has answered to this interrogatory that it did not know or have the information in its possession or under its custody or control. The proposition, therefore, is not applicable to the answer to interrogatory 3. We think the answer is not full and complete and that it should be answered more fully and completely in accordance with the order of the court below.

Interrogatories 4, 9, 10, 11 and 21(b) all relate to the stock records and the numbers of stock certificates of the City Sales Company, and petitioner has answered to each of said questions that affiant does not know or have in his possession or under his custody or control the records which contain the information necessary in order to answer the propounded interrogatories. Petitioner answered further that as far as he knew the records were in the possession or control of either Auburn Insurance Company or G. H. Wright. A reading of the answers gives the impression that petitioner considered its ability to answer said interrogatories dependent upon affiant's personal knowledge of the information requested, and such an impression is fortified by the statement in petitioner's brief:

"As a matter of fact, interrogatory 10 is answered to the best of the affiant's information, which is based upon his personal memory of the transactions which would affect the proper stockholders on April 10, 1953. * * "

Title 7, Section 480, Code of 1940, provides:

"When the party to whom the interrogatories are addressed is a corpora-

tion, the answers thereto must be made by such officer, agent, or servant of the corporation as may be cognizant of the facts."

And it is provided in Title 7, Section 485, Code of 1940:

"Under the provisions of this article, the party is bound to answer all pertinent interrogatories, unless by the answers he subjects himself to a criminal prosecution. The party may be required by the court to attach to his answers copies of letters and documents, the originals of which are in his possession or under his custody or control."

The general rule is stated in 27 C.J.S., Discovery, § 29, p. 44:

"The officer or employee conversant with the matters concerning which information is sought is the proper person to be examined. However, under a statute so providing, the fact that the answers called for are outside of the personal knowledge of the officer examined does not excuse him from answering if he can acquire the information sought from agents and servants of the corporation."

A corporation cannot shelter itself under a general profession of personal ignorance on the part of its president. Robbins v. Brockton St. Ry. Co., 180 Mass. 51, 61 N.E. 265.

The court, in Gunn v. New York, N. H. & H. R. Co., 171 Mass. 417, 50 N.E. 1031, 1032, in a discussion of the general principles referred to in the Robbins case, said:

"* * * The president of a corporation occupies a position superior in authority to the other officers and to the employés, and, generally speaking, has a right to require from them information in regard to matters arising in and connected with the discharge of their duties. In a sense, he sustains towards them the relation of employer to employé, or of principal and agent. We do not mean to intimate that the duty of inquiry obliges him to seek information from those who have left the service of the corporation, or that he is to be subjected to unreasonable trouble and expense in answering the interrogatories, or that discovery can extend to all information within the possession of those in the employment of the corporation, however obtained. The interrogatories are addressed to the conscience of the party. They do not require him to set down mere rumors, or simply to state what he has been told. They call for facts, and, in addition to the disclosure of such personal knowledge as he may have, if any, they require such reasonable investigation on his part, by means of inquiries from those who are at the time subject to his direction or control, as will enable him to state what the facts are. The party interrogating cannot compel him to get up his case for him, nor to disclose his own case, though the fact that some of the information required by the answers may be material to his own case will not excuse him from answering if it also is material to that of the party interrogating."

Again, alluding to petitioner's contention that affiant's information was based upon his personal memory of the transactions which would affect the proper stockholders on April 10, 1953, and to petitioner's answers that as far as he knew the records were in the possession of G. H. Wright, it does not appear that affiant, the president of the defendant corporation, has made any effort to obtain the information necessary to answer the interrogatories.

Title 10, Section 32, Code of 1940, provides:

"Every such corporation shall keep at its principal office in this state, in the hands of some officer, agent, or other person designated for that pur-

pose, a true statement or book showing who are the holders of such stock therein, and all transfers thereof."

We do not think it an unreasonable imposition on affiant in the light of the foregoing general principles and the requirements of Title 10, Section 32, Code of 1940, to require him to answer more fully the interrogatories to which he has replied that affiant does not have in his possession or under his custody or control the stock records necessary for an answer to the interrogatories propounded to him by the plaintiff below. It does not appear that affiant has made any attempt whatever to obtain the information necessary to an answer of the interrogatories, or that he has reasonably satisfied himself by inquiry that the information required is not in the possession or under the custody or control of the corporation.

The answers given to the interrogatories hereinabove considered may be compared to that given in answer to interrogatory 14:

"Neither affiant nor defendant has possession of or under his or its custody or control such bill of sale or a copy thereof."

To a request for the attachment of a certain document to an answer, such an answer is full and complete and nothing further can be required of the interrogee.

The answers to interrogatories 12, 13, 15 and 16 are sufficiently complete and no further answer should be required. Each one, as phrased, assumes the validity of the instrument sued on, a fact which is not admitted, but rather is contested, by the petitioner. Since the answers to interrogatories may be introduced in evidence, it is the opinion of this court that where an interrogatory assumes a fact which is contested by the interrogee, such as the validity of an alleged mortgage and note, that the interrogee is not prohibited from seeking to avoid in his answer the possibility that his answer might be taken as an admission of the contested fact, the truth of which the interrogatory, as phrased, has assumed. And where the answer to such an interrogatory is in all other respects full and complete, it would be improper to require of the interrogee that he admit as a fact, that which he contends is not true. Such would be the effect of strictly responsive answers to the interrogatories now under consideration, i. e., numbers 12, 13, 15 and 16.

In conclusion, therefore, it is the decision of this court that the order of the respondent that the petitioner should answer more fully the interrogatories enumerated in the petition in this case should be vacated as to interrogatories 12, 13, 14, 15 and 16, but as to the remaining interrogatories the order should be affirmed. Therefore, unless the respondent vacates the order in accordance with the decision of this court, the writ will be granted as to interrogatories 12, 13, 14, 15 and 16.

Writ in part awarded conditionally, and in part denied.

LIVINGSTON, C. J., and SIMPSON and GOODWYN, JJ., concur.