## 18755

Robert LEWIS, As Administrator of the Estate of Charles E. Lewis, Respondent, v. ATLANTA-CHARLOTTE AIRLINE RAILWAY COMPANY and Southern Railway Company, Appellants.

(159 S. E. (2d) 243)

*Messrs. Rainey, Fant & Horton,* of Greenville, *for Appellants,*

*Messrs. Carter & Hill,* of Greenville, *for Respondent,*

February 6, 1968.

BUSSEY, Justice.

Plaintiff's intestate, allegedly came to his death as the result of being struck by a train of the defendant-appellant,

Southern Railway Company, in Pickens County, South Carolina, the engineer of the train at the time having been one Walter T. Morris, a resident of Atlanta, Georgia. Two actions were commenced under the caption of this case; one for the alleged wrongful death of plaintiff's intestate, and the other under the survival act for the benefit of the estate.

Plaintiff's counsel served on defendant's counsel and on the said Walter T. Morris a notice of motion and affidavit seeking an order requiring the attendance of the defendant Southern Railway Company by and through its engineer, Walter T. Morris, for examination under oath pursuant to Sec. 26-503 of the 1962 Code of Laws of South Carolina, before the Master in Equity for Greenville County, in regard to various listed facts and circumstances of the accident which the plaintiff alleged were essential and necessary in the preparation of plaintiff's case. The affidavit alleged, *inter alia,* and it is not denied by the defendant, that the named engineer is the sole person having the knowledge of the facts which the plaintiff sought to ascertain. Although served, Morris, the engineer, did not appear to interpose any objection, but the defendant Southern Railway appeared, and, over its opposition, the circuit court issued an order directing that Southern Railway Company be examined by and through the said Walter T. Morris "before the Master in Equity of Greenville County on August 15, 1967."

Appeal is from the foregoing order and the only substantial question involved is the contention of Southern that a corporate party to an action cannot be examined, before trial, under Sec. 26-503 of the Code, through a subordinate employee who is neither an officer of the corporation nor an agent with general authority to act for the corporation. While the language of prior decisions of this court would clearly indicate that a corporate party can be examined through a subordinate employee, particularly where that employee is the sole person having knowledge of the facts sought to be ascertained, admittedly the precise point raised by Southern has never been squarely presented or passed

upon in any prior decision of this court. Code Sec. 26-503 does not specifically provide for the examination of a corporate party, and, naturally, does not provide specifically how a corporate party may be examined. That a corporate party may be examined pursuant to said statute has, however, been long established since the decision in the case of *U. S. Tire Co. v. Keystone Tire Sales Co.*, 153 S. C. 56, 150 S. E. 347, 66 A. L. R. 1264. In some jurisdictions the statutory or practice rule provisions relating to the examination of a corporate party are quite specific as to the individuals through whom such an examination of the corporate party can be obtained. In Alabama, for instance, pursuant to statute, the factual information sought may be obtained from or through "\* \* \* such officer, agent, or servant of the corporation as may be cognizant of the facts." See *Ex Parte City Sales Company*, 264 Ala. 637, 88 So. (2d) 668.

On the other hand, by virtue of the language and construction of Rule 26(d) (2) and Rule 37(d) of the Federal Rules of Civil Procedure, the federal courts have almost universally held that the examination of a corporate party must be by and through either an officer or a "managing agent" of the corporate party. At least several states have substantially adopted the federal practice, by enacting statutes which in effect provide that the examination of a corporate party must be through an officer or "managing agent." An annotation in 98 A. L. R. (2d) commencing on page 622 shows that the courts have experienced considerable difficulty in determining precisely who is a "managing agent" within the meaning of these statutory and rule provisions. It would appear that at least one jurisdiction, New York, has encountered enough difficulty with the term "Managing agent or employee" that it amended its statute and/or rule to delete the word, "managing" and allow a corporate party to be examined by and through any employee having knowledge of the pertinent facts. 98 A. L. R. (2d) 625.

The appellant cites no authority for its contention other than cases arising under the federal rules, or a state statutory

counterpart thereof, which specifically restricts an examination of a corporate party to either an officer or a managing agent. A research on our part has failed to disclose any case deciding the precise question now presented to us, arising in a jurisdiction where, as here, the statute does not spell out precisely what officers or employees of the corporate party may be examined, and, hence, we are without benefit of any persuasive judicial authority from other jurisdictions.

Although the precise point has not before been presented to us, the practice in this state for many years has been to require the examination of a corporate party, pursuant to Code Sec. 26-503, by and through the employee of the corporate party who was possessed of the information sought, without regard to whether such employee was either an officer or an agent with general authority to act for or bind the corporation. In *Stepp v. Horton,* 227 S. C. 432, 88 S. E. (2d) 258, a railway claims agent; in *Williamson v. South Carolina Elec. & Gas Co.,* 236 S. C. 101, 113 S. E. (2d) 345, a service agent or repairman; in *Barfield v. Dillon Motor Sales, Inc.,* 233 S. C. 26, 103 S. E. (2d) 416, a bookkeeper; in *Mahaffey v. Southern R. Co.,* 175 S. C. 198, 178 S. E. 838, employees who had knowledge as to who placed certain freight cars in a particular location. In the absence of a statutory provision, similar to that prevailing in certain other jurisdictions, limiting the employees by and through whom the examination of a corporate party may be had, we see no compelling reason for disturbing the practice long followed in this jurisdiction.

Apparently the underlying thought and reason for the statutory and rule provisions, in some jurisdictions, limiting the employees by and through whom the examination of a corporate party may be had is that such party should not be bound by the testimony of an employee, who might not be amenable to the will of the corporation; who might be disloyal or untruthful; and who would not normally have the right to bind the corporation by his acts or statements. In accordance with such rationale, appellant

argues that the examination of it by and through its engineer would bind it to whatever the engineer might say and would in effect constitute a judicial admission on its part, and that it should not be so bound. There is nothing in the record to indicate or even suggest that the engineer is disloyal to appellant, not amenable to its will, or untruthful. We are not presently called upon to decide precisely to what extent appellant may be bound by the testimony of the engineer. If and when it should appear that there is any question as to either the truthfulness or loyalty of the particular employee, a decision as to the extent, if any, to which the corporation might or might not be bound by his testimony would then be timely. We see no sound reason for allowing the appellant to withhold from the plaintiff, or make it exceedingly difficult for the plaintiff, to obtain the pertinent knowledge and information which the engineer has because, perchance, an issue as to the binding effect of his testimony might or might not arise in the future. We conclude that there was no error on the part of the circuit court in directing the examination of appellant by and through its engineer.

The one remaining contention of appellant is that it should not be required to bear the financial burden of producing the engineer in Greenville, South Carolina, for examination, and the order should have required the plaintiff to bear or advance the expense thereof. The statute, Code Sec. 26-503, makes no mention of who shall bear the financial burden of producing a witness, and none of our prior decisions have dealt with the specific point. There is nothing in the record which would specifically show the extent of the financial burden here involved, although the briefs of counsel throw some light thereupon. It is a matter of common knowledge that appellant's passenger trains pass daily between Atlanta and Greenville, and quite apparent that transportation of Morris would impose no problem or particular burden. It would appear most likely that the principal burden would be possibly a day's pay for the engineer.

The argument of counsel for both parties would indicate that this particular point is of no great moment to either party. It is stated in respondent's brief, and not contradicted by appellant, that respondent has previously voluntarily offered to meet the convenience of the engineer by examining him in Atlanta, if an agreeable stipulation thereabout could be reached. The time fixed by the order of the lower court for the examination has now passed and a new time will have to be either agreed upon or fixed. In view of plaintiff's expressed willingness to enter into a stipulation as to the examination being held in Atlanta rather than Greenville, and at the reasonable convenience of the engineer, we regard it as highly probable that counsel will enter into an agreement as to the time and place of examination, and, hence, render the question of expense in producing the witness substantially, if not completely, moot.

In view of the probability of the question becoming moot, and the further fact that the record contains no specific facts as to either the extent of the financial burden involved, or as to what portion thereof will, or will not, be taxable and collectible upon a final termination of the case, we refrain from passing, at this time, upon this question of novel impression. Should the parties fail to arrive at an agreement which would render this question moot, the lower court will, of course, have to set a new date for the examination. The parties shall have leave to renew before the lower court any questions they wish as to the financial burden of producing the witness, and to offer any pertinent factual information in connection therewith.

Subject to the foregoing reservation, the judgment of the lower court is

Affirmed.

Moss, C. J., Lewis and Brailsford, JJ., and Lionel K. Legge, Acting Associate Justice, concur.