UNITED STATES of America,
Plaintiff-Appellee,

v.

INDUSTRIAL CRANE AND MANUFAC-
TURING CORPORATION, Defendant-
Appellant.

No. 73-2413.

United States Court of Appeals,
Fifth Circuit.

April 4, 1974.

Scott P. Crampton, Asst. Atty. Gen., Meyer Rothwacks, Tax Div., Dept. of Justice, Lee H. Henkel, Jr., Acting Chief Counsel, Internal Revenue Service, Washington, D. C., Wayman G. Sherrer, U. S. Atty., Charles D. Stewart, Asst. U. S. Atty., Birmingham, Ala., William Clay McGehee, Gen. Lit. Section, Tax Div., Dept. of Justice, Washington, D. C., Bennet N. Hollander, Alfred S. Lombardi, Attys., Tax Div., Dept. of Justice, Washington, D. C., for plaintiff-appellee.

Before GODBOLD, SIMPSON and INGRAHAM, Circuit Judges.

GODBOLD, Circuit Judge:

By a contract executed by Billmeier and Quarles and dated April 30, 1969, appellant's sole stockholder, Billmeier, sold his stock in appellant corporation to Quarles. The contract provided that appellant "has assumed a maximum of $7,500" of Billmeier's potential personal liability as responsible officer of a predecessor corporation for the predecessor's non-payment of withholding taxes.[1] Appellant was not a party signatory to the contract and did not execute a formal assumption of Billmeier's liability.

Under date of May 1, 1969, Billmeier entered into an employment contract with appellant in which he made a covenant not to compete. The contract was signed for appellant by its new executive officer.

After an assessment against Billmeier in 1971, the government sued appellant, claiming to be a third party beneficiary of the sale contract.[2] Appellant attempted to set off an amount claimed by it to be due from Billmeier as liquidated damages for breach of the covenant not to compete. The District Judge ruled without opinion that appellant was liable to the government as third party beneficiary and that appellant could not offset damages for Billmeier's alleged breach

D. H. Markstein, III, Birmingham, Ala., for defendant-appellant.

---

1. I.R.C. § 6672 provides that persons responsible for nonpayment of employment taxes shall be personally liable for a penalty tax equal to the amount of tax not paid over.

2. The United States also sued Quarles, but the District Court held that she was not liable under the contract. The government has not appealed this ruling.

of the covenant not to compete. The only issues remaining to be tried by a jury concerned other setoffs not here in question. The jury found those issues for appellant, and judgment was entered for the government for $3,123, or $7,500 less the setoffs found by the jury.

■■ The District Court did not err in holding as a matter of law that appellant was bound although it did not join in the contract. Under Alabama law a corporation is bound by a contract executed by a sole or controlling owner who is its alter ego even if the consideration flows to the owner and none to the corporation. Copeland v. Swiss Cleaners, 255 Ala. 519, 52 So.2d 223 (1951); Ex parte City Sales Co., 264 Ala. 637, 88 So.2d 668 (1956). Here where the contract was between an old sole owner and a new sole owner, the principle finds its clearest application. The clinching point is that as an exhibit to this mutual agreement of old and new sole owners was attached a balance sheet of appellant which showed a corporate liability of $7,500 to I.R.S. regarding Billmeier.

■ The appellant may not raise on appeal the defense that the Alabama Statute of Frauds precludes recovery inasmuch as it requires that a contract to pay the debt of another be in writing. Fed.R.Civ.P. Rule 8(c) requires that this defense be affirmatively alleged, which was not done.

■ An undertaking to pay Billmeier's § 6672 liability is not void as against public policy on the ground that the liability is a penalty which may not be assumed by another. The penalty is civil in nature and imposed to prevent loss of government revenue, and not to inflict punishment. Liddon v. United States, 448 F.2d 509, 512 (C.A.5, 1971); Newsome v. United States, 431 F.2d 742 (C.A.5, 1972); Cash v. Campbell, 346 F.2d 670 (C.A.5, 1965).

■ The United States' right against appellant was exclusively as a third party beneficiary. It stood in Billmeier's shoes, and any defenses that appellant could have raised against a claim by Billmeier himself were operative against it, too. Thus appellant was entitled to an offset of any damages it may have suffered from the alleged breach by Billmeier of his covenant not to compete. The government's naked assertion to the contrary notwithstanding, the assumption by appellant (pursuant to purchase of the business) of Billmeier's personal liability to the United States and the agreement by Billmeier to work for appellant and refrain from competing were not independent transactions. Those undertakings, though formalized on successive days, were clearly intended as cross-consideration for a unitary agreement. Indeed, we note that the stock purchase contract executed on April 30 recited: "Contemporaneously with the execution of this agreement the Company is entering into an employment contract with the Seller."

■ On appeal the government raises for the first time sovereign immunity as a defense to the attempt to offset.[3] While denominated as a setoff, appellant's claim sounded in recoupment as a claim arising out of the same transaction, and by filing suit the government waived immunity to the extent of defeating its claim. Frederick v. United States, 386 F.2d 481, 488 (C.A.5, 1967).

The judgment in favor of the government is reversed and the cause is remanded for a partial new trial on the issue of appellant's claim to an offset of any damages it may have suffered from the alleged breach by Billmeier of his covenant not to compete.

3. A jurisdictional defense that may be raised for the first time on appeal. United States v. United States Fidelity & Guaranty Co., 309 U.S. 506, 60 S.Ct. 653, 84 L.Ed. 894 (1940).